**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARIA ROXANA RIVAS<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>)<br>) |
| NERY RIVAS<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>)<br>) |
| JOSUE GUTIERREZ<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )<br>)<br>)<br>) |
| BRYAN DIAZ,<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015, | )  <u>Civil Action No.</u><br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)<br>) |
| CARMEL PARTNERS CONSTRUCTION LLC,<br>1000 Sansome Street – First Floor<br>San Francisco, California 94111 | )<br>)<br>)<br>) |
| Serve: | ) |
|     CARMEL PARTNERS CONSTRUCTION LLC<br>     c/o Corporation Service Company<br>     1090 Vermont Ave., NW<br>     Washington, D.C. 20005 | )<br>)<br>)<br>) |
| BROTHER'S MECHANICAL, INC.,<br>8394 Terminal Road – Unit A<br>Lorton, Virginia 22079 | )<br>)<br>)<br>) |
| Serve: | ) |
|     BROTHER'S MECHANICAL, INC.<br>    c/o Corporation Service Company<br>    1090 Vermont Ave, NW<br>    Washington, D.C. 20005 | )<br>)<br>)<br>)<br>) |

J&D PLUMBING OF DC LLC,                          )
508 Oneida St., NE                               )
Washington, D.C. 20011                           )
                                                 )
Serve:                                           )
                                                 )
    J&D PLUMBING OF DC LLC   )
    c/o Jonathan M. Rivadeneria Chavez,    )
      Registered Agent   )
    508 Oneida St., NE           )
    Washington, D.C. 20011       )
                                                 )
JONATHAN M. RIVADENEIRA CHAVEZ,                  )
508 Oneida St., NE                               )
Washington, D.C. 20011                           )
                                                 )
              Defendants.    )

## <u>COMPLAINT</u>

Plaintiffs, Maria Roxana Rivas, Nery Rivas, Josue Gutierrez, and Bryan Diaz, (collectively "Plaintiffs"), by and through their undersigned counsel, O'Donoghue & O'Donoghue LLP, hereby bring suit against Defendants Carmel Partners Construction LLC, Brother's Mechanical, Inc., and J&D Plumbing of DC LLC (collectively "Defendants") to recover damages under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act, D.C. Code §§ 32-1001 *et seq.* ("DCMWA") and the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 *et seq.* ("DCWPCL"), as set forth below.

1.    This action arises from a construction contract between Carmel Partners Construction LLC and Brother's Mechanical Inc. to perform plumbing and sheet metal work on a new construction project at 1150 1st Street, NE, Washington, D.C. 20002 ("the Project"). Brother's Mechanical, Inc. utilized J&D Plumbing of DC LLC as a labor broker and/or subcontractor to provide labor to perform plumbing and sheet metal work on the Project.

2.      As explained below, Defendants Brother's Mechanical Inc. and J&D Plumbing of

DC LLC failed to pay Plaintiffs for a substantial part of their work.

## PARTIES

3.      Plaintiffs are adult residents of the Commonwealth of Virginia.  While working on

the Project, Plaintiffs were "engaged in commerce" within the meaning of the FLSA.  Plaintiffs

were also employees of Defendants Brother's Mechanical Inc., J&D Plumbing of DC LLC, and

Jonathan M. Rivadeneira Chavez within the meaning of the DCWPCL, the FLSA, and the

DCMWA .

4.      Defendant Carmel Partners Construction LLC ("Carmel Partners") is a Delaware

limited liability company and a real estate firm that provides an array of construction services in

the metropolitan Washington, D.C. area and nationally.  Carmel Partners regularly conducts

business in the District of Columbia.  Carmel Partners' principal place of business is located at

1000 Sansome Street, First Floor, San Francisco, CA 94111.  Carmel Partners' resident agent for

service of process is Corporation Service Company, 1090 Vermont Avenue NW, Washington,

D.C. 20005.

5.      Brother's Mechanical, Inc. is a Virginia for-profit corporation and provides

"design, installation, and service of multi-family industrial, commercial, high-rise, residential and

institutional air conditions, heating, ventilation, plumbing and controls systems" in the

metropolitan Washington, D.C. area.  Brothers Mechanical, Inc. regularly conducts business in the

District of Columbia.  Brothers Mechanical, Inc.'s principal place of business is located at 8394 Terminal Road – Unit A, Lorton, VA  22079.  Brother's Mechanical, Inc.'s resident agent for service of process is Corporation Service Company, 1090 Vermont Avenue NW, Washington, D.C. 20005.

6.     J&D Plumbing of DC LLC ("J&D Plumbing") is a District of Columbia limited liability company and provides plumbing services in the metropolitan Washington, D.C. area. J&D Plumbing regularly conducts business in the District of Columbia.  J&D Plumbing's principal place of business, and registered agent for service of process, is 508 Oneida St., NE, Washington, D.C. 20011.

7.     At all times relevant to this Complaint, Carmel Partners Construction LLC, Brother's Mechanical Inc., and J&D Plumbing of DC LLC were enterprises engaged in commerce within the meaning of the FLSA.  Upon information and belief, at all times relevant to this Complaint, the annual gross volume of business of Carmel Partners Construction LLC, Brother's Mechanical Inc., and J&D Plumbing of DC LLC exceeded $500,000.  Additionally, Carmel Partners Construction LLC, Brother's Mechanical Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez employed employees that "engaged in commerce" within the meaning of the FLSA.  Finally, employees of Carmel Partners Construction LLC, Brother's Mechanical Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez, handled, sold, or otherwise worked on goods and/or materials that had been moved in or produced for commerce Defendants.

8.     At all relevant times, Jonathan M. Rivadeneira Chavez was the President or Chief Executive Officer and majority owner of J&D Plumbing of DC LLC and he controlled the pay, scheduling, supervision, and hiring and firing of Plaintiffs.

9.     At all times relevant to this Complaint, Plaintiffs completed 100% of their work for Defendants in the District of Columbia.

## JURISDICTION

10.    Plaintiffs are asserting causes of action that arise under the FLSA, DCMWA, and the DCWPCL.

11.    The jurisdiction of this Court is based on 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has subject matter jurisdiction under § 1331 because Plaintiffs' claims involve federal questions, and the Court has supplemental jurisdiction over the Plaintiffs' pendant state law claims pursuant to 28 U.S.C. § 1367.

12.    Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## FACTUAL ALLEGATIONS

13.    During the period from approximately May 1, 2022 through July 31, 2022, Plaintiffs performed piping, HVAC, sheet metal and duct work at a new construction project located at 1150 1st Street, NE, Washington, D.C. 20002 (the "Project") for the Defendants.

14.    At all times relevant to the Complaint, Defendants Brother's Mechanical, Inc. and J&D Plumbing of DC LLC were joint employers of Plaintiffs.

15.    Defendant Carmel Partners Construction LLC was a General Contractor with a contractual relationship with Defendants Brother's Mechanical, Inc. and J&D Plumbing of DC

LLC and is liable to the Plaintiffs for Defendants Brother's Mechanical, Inc. and J&D Plumbing of DC LLC failure to pay Plaintiffs wages and resultant damages.

16.     Throughout the time Plaintiffs performed work on the Project, Jonathan M. Rivadeneira Chavez was often on the job site, directing Plaintiffs' work and controlling Plaintiffs' schedule.   Jonathan M. Rivadeneira Chavez retained time records for the work performed by Plaintiffs and repeatedly promised to pay the Plaintiffs for their work if they continued to work on the Project.

17.     Throughout the time Plaintiffs performed work on the Project, Brother's Mechanical, Inc. representatives, including William, Gabriel, Heraldo, and Jonathan M. Rivadeneira Chavez, were on the job site every day for the entire work-day, providing material, issuing safety gear, directing Plaintiffs' work and controlling Plaintiffs' schedule, and directing Plaintiffs to sign time sheets retained by Brother's Mechanical, Inc. that listed Jonathan M. Rivadeneira Chavez, as a "supervisor/foreman" of Brother's Mechanical, Inc.  The time sheets would also be submitted to Defendant Carmel Partners Construction LLC.   The Brother's Mechanical Inc. representatives often exerted ultimate control over the manner and means by which work was performed by the Plaintiffs.  Brother's Mechanical, Inc.'s representatives directed the work of both Defendant Jonathan M. Rivadeneira Chavez and the Plaintiffs' Project.  Brother's Mechanical Inc. issued Jonathan M. Rivadeneira Chavez a Brother's Mechanical Inc. e-mail address:  jonathanr@brothersmechanical.com, and he would provide information about the Plaintiffs to Brother's Mechanical Inc.'s administrative staff on a regular basis.

18.     Defendant Carmel Partners Construction LLC required all workers on the Project, including Plaintiffs, to participate in safety training and used facial recognition software for entry onto the Project each day.

19.     Defendants Brother's Mechanical, Inc. and/or J&D Plumbing of DC LLC established the wages that Plaintiffs were to be paid under the terms and conditions of their agreement.

20.     Defendants Brother's Mechanical, Inc. and/or J&D Plumbing of DC LLC provided the equipment and material for the Project to Plaintiffs.

21.     Plaintiffs ceased working on the Project on or before July 31, 2022, after Defendants Brother's Mechanical, Inc. and/or J&D Plumbing of DC LLC failed to pay the Plaintiffs for substantial work performed on the Project.

22.     At all times relevant to the Complaint, each Plaintiff had an agreed upon wage-rate for each hour of work that they performed.

23.     The information contained below about the hours worked by Plaintiffs and the weeks for which they did not receive any pay or adequate pay are estimates and Plaintiffs reserve the right to amend the Complaint to correct or clarify these claims as additional facts become available.

24.     Plaintiff Maria Roxana Rivas was employed by the Defendants on the Project from on or about June 14, 2022 through July 18, 2022.  Her agreed upon hourly wage rate was $33.33 per hour.  She regularly worked in excess of forty hours per week.  Regardless of the number of hours per week she worked, she was never paid more than $33.33 per hour – *i.e.*, she was never paid one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay her entirely for 104 hours of work performed on the Project during the period of June 21, 2022 through July 18, 2022.  Accordingly, she is owed back wages of $3,466.32, not including overtime for the entire period she worked on the Project, liquidated damages or penalties.

25.     Plaintiff Nery Rivas was employed by the Defendants on the Project from on or about June 20, 2022 through July 18, 2022.  His agreed upon hourly wage rate was $20.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $20.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 120 hours of work performed on the Project during the period of July 1, 2022 through July 18, 2022.  Accordingly, he is owed back wages of $2,400, not including overtime for the entire period he worked on the Project, liquidated damages or penalties.

26.     Plaintiff Josue Gutierrez was employed by the Defendants on the Project from on or about June 15, 2022 through July 18, 2022.  His agreed upon hourly wage rate was $21.25 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $21.25 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 120 hours of work performed on the Project during the period of July 1, 2022 through July 18, 2022.  Accordingly, he is owed back wages of $2,550.00, not including overtime for the entire period he worked on the Project, liquidated damages or penalties.

27.     Plaintiff Bryan Diaz was employed by the Defendants on the Project from on or about May 19, 2022 through July 13, 2022.  His agreed upon hourly wage rate was $17.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $17.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 65 hours of work performed on the Project during the

period of May 19, 2022 through July 13, 2022.  Accordingly, he is owed back wages of $1,105.00, not including overtime for the entire period he worked on the Project, liquidated damages or penalties.

## COUNT I
## VIOLATIONS OF THE DCWPCL

28.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 26 as if fully set forth in Count I.

29.     Plaintiffs were "employees" of Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez within the meaning of D.C. Code § 32-1301.

30.     Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez were "employers" of Plaintiffs within the meaning of D.C. Code § 32-1301.

31.     Defendant Carmel Partners Construction LLC is a general contractor, as that term is used in D.C. Code § 32-1303(5), and is jointly and severally liable to the Plaintiffs for the Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez' violations of the DCWPCL.

32.     Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez employed Plaintiffs to perform work on the Project but failed to pay Plaintiffs at the agreed-upon rates in violation of the DCWPCL.

33.     Defendants also failed to promptly pay Plaintiffs wages on regular payment dates as required by D.C. Code § 32-1302.  The DCWPCL provides that every employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer.

34.     Defendants failed to pay Plaintiffs "all wages earned" during certain pay periods

in violation of D.C. Code § 32-1302.

35.     Furthermore, the DCWPCL, D.C. Code § 32-1303(2), requires that an Employer pay an employee's wages due upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier.

36.     All Plaintiffs completed their work on the Project no later than July 18, 2022, and all either quit or resigned by that date or prior to that date.

37.     By failing to pay Plaintiffs their wages due not later than the next regular payday or within 7 days from the date of quitting or resigning, the Defendants failed to pay their "wages earned" upon their discharge in violation of D.C. Code § 32-1303(2).

38.     Pursuant to D.C. Code § 32-1303(4), Plaintiffs are entitled to liquidated damages, in an amount equal to "10 per centum of the unpaid wages for each working day during which such failure shall continue after the day upon which payment is hereunder required, or an amount equal to treble the unpaid wages, whichever is smaller."

39.     All Defendants are jointly and severally liable to the Plaintiffs for violations of the DCWPCL.

40.     Pursuant to the DCWPCL, D.C. Code § 32-1308, Plaintiffs seek their unpaid wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AND DCMWA

41.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 39 as if fully set forth in Count II.

42.     Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez were "employers" of Plaintiffs within the meaning of 29 U.S.C.

§ 203(d) and D.C. Code § 32-1002(3).

43.    Plaintiffs were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1) and D.C. Code § 32-1002(2).

44.    Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez were each an enterprise engaged in commerce and/or Plaintiffs were engaged in commerce within the meaning of 29 U.S.C. §§ 203(s), 207(a) and 215(a).

45.    Defendant Carmel Partners Construction LLC is a general contractor, as that term is used in D.C. Code § 32–1012(c), and is jointly and severally liable to the Plaintiffs for the Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez's violations of the DCMWA.

46.    Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez violated the overtime provisions of 29 U.S.C. § 207 and D.C. Code § 32-1003(c), by failing to pay Plaintiffs one and one half times their regular hourly rate for each hour over forty that they worked during several work weeks.

47.    Defendants knowingly, and willfully and/or negligently violated the DCMWA and FLSA by failing to compensate Plaintiffs at the statutory rate for overtime hours.

48.    Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez are jointly and severally liable to the Plaintiffs for the violations of the overtime provisions of the FLSA.

49.    All Defendants are jointly and severally liable to the Plaintiffs for the violations of the overtime provisions of the DCMWA pursuant to D.C. Code § 32-1012(c).

50.    Pursuant to the FLSA, 29 U.S.C. § 216(b), and DCMWA, D.C. Code § 32–1012, Plaintiffs seek their unpaid overtime wages, liquidated damages, reasonable counsel fees and costs,

and such other and further relief as is deemed appropriate by the Court.

<u>COUNT III</u>
<u>VIOLATIONS OF THE PROMPT PAYMENT PROVISIONS OF FLSA</u>

51.    Plaintiffs restate and incorporate by reference the allegations set forth in paragraphs 1 through 49 as if fully set forth in Count III.

52.    For certain weeks, Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez did not promptly pay Plaintiffs' wages on regular payment dates as required by law. FLSA requires that wages be paid promptly on regular payment dates. Defendants violated FLSA by failing to pay wages promptly on regular payment dates for certain hours worked by Plaintiffs.

53.    Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez are jointly and severally liable to the Plaintiffs for violations of the prompt payment provisions of the FLSA.

54.    Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs seek their unpaid wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court.

<u>COUNT IV</u>
<u>VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF FLSA</u>

55.    Plaintiffs restate and incorporate by reference the allegations set forth in paragraphs 1 through 53 as if fully set forth in Count IV.

56.    For certain weeks during their employment, Defendants' Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez did not pay Plaintiffs the wages Defendants had agreed to pay nor did Defendants pay the minimum wage required by law.

57.    Section 6(a) of FLSA provides that "Every employer shall pay to each of his

employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at [certain specified] rates[.]" 29 U.S.C. § 206(a).

58.    FLSA further requires that wages be paid promptly on regular payment dates.

59.    Defendants violated FLSA by failing to pay minimum wages to Plaintiffs and failing to pay wages promptly on regular payment dates.

60.    Defendants' failure to pay minimum wages and failure to pay wages promptly was done knowingly.

61.    Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs seek their unpaid wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I, II, III, and IV as follows:

1.  That the Court find the Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez jointly and severally liable in the amount of unpaid wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the DCWPCL, D.C. Code § 32-1308;

2.  That the Court find the Defendant Carmel Partners Construction LLC jointly and severally liable with Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez for the amount of unpaid wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the DCWPCL, D.C. Code § 32-1308 and § 32-1303(5);

3. That the Court find the Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez jointly and severally liable in the amount of unpaid overtime wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the FLSA, 29 U.S.C. § 216(b), and DCMWA, D.C. Code § 32–1012;

4. That the Court find the Defendant Carmel Partners Construction LLC jointly and severally liable with Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez for the amount of unpaid overtime wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the DCMWA, D.C. Code § 32–1012;

5. That the Court find the Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez jointly and severally liable in the amount of unpaid wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the FLSA, 29 U.S.C. § 216(b), for violating the prompt payment provision of the FLSA;

6. That the Court find the Defendants Brother's Mechanical, Inc., J&D Plumbing of DC LLC, and Jonathan M. Rivadeneira Chavez jointly and severally liable in the amount of unpaid wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the FLSA, 29 U.S.C. § 216(b), for violating the minimum wage and prompt payment provisions of the FLSA.

7.  To enter judgment against the Defendants in the amount of reasonable attorneys' fees and costs incurred by the Plaintiffs in bringing this action;

8.  For such further relief as the Court may deem appropriate.


Dated: April 12, 2023                          Respectfully submitted,

                                               s/ Andrew Costa-Kelser
                                               Andrew Costa-Kelser (Bar No. 1015546)
                                               Jacqueline Canzoneri (Bar No. 1764738)
                                               **O'DONOGHUE & O'DONOGHUE LLP**
                                               5301 Wisconsin Avenue NW, Suite 800
                                               Washington, DC 20015
                                               Telephone (202) 362-0041
                                               akelser@odonoghuelaw.com
                                               jcanzoneri@odonoghuelaw.com